Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

GOLD VALUE INTERNATIONAL
TEXTILE, INC.,

Plaintiff,

vs.

CHARLOTTE RUSSE, INC.; et al.,

Defendants.

Case No.:  CV 15-03854-SVW-JCx

**AMENDED STIPULATED
PROTECTIVE ORDER**

**[CHANGES MADE BY COURT TO
PARAGRAPHS 8.2, 8.3, 9, AND 12.2,
AND EXHIBIT A]**

Having considered the parties' pleadings on file to date, and the parties' jointly submitted Amended Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action, the Court determines as follows:

## GOOD CAUSE STATEMENT

It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing shall be

1  designated without a good faith belief that there is good cause why it should not be
2  part of the public record of this case.  Examples of confidential information that the
3  parties may seek to protect from unrestricted or unprotected disclosure include:

4        (a)    Information that is the subject of a non-disclosure or
5                confidentiality agreement or obligation;

6        (b)    The names, or other information tending to reveal the identity
7                of a party's supplier, designer, distributor, or customer;

8        (c)    Agreements with third-parties, including license agreements,
9                distributor agreements, manufacturing agreements, design
10               agreements, development agreements, supply agreements, sales
11               agreements, or service agreements;

12       (d)    Research and development information;

13       (e)    Proprietary engineering or technical information, including
14               product design, manufacturing techniques, processing
15               information, drawings, memoranda and reports;

16       (f)    Information related to budgets, sales, profits, costs, margins,
17               licensing of technology or designs, product pricing, or other
18               internal financial/accounting information, including non-public
19               information related to financial condition or performance and
20               income or other non-public tax information;

21       (g)    Information related to internal operations including personnel
22               information;

23       (h)    Information related to past, current and future product
24               development;

25       (i)    Information related to past, current and future market analyses
26               and business and marketing development, including plans,
27               strategies, forecasts and competition; and

28

1          (j)     Trade secrets (as defined by the jurisdiction in which the

2               information is located).

3       Unrestricted or unprotected disclosure of such confidential technical,

4   commercial or personal information would result in prejudice or harm to the

5   producing party by revealing the producing party's competitive confidential

6   information, which has been developed at the expense of the producing party and

7   which represents valuable tangible and intangible assets of that party.

8   Additionally, privacy interests must be safeguarded. Accordingly, the parties

9   respectfully submit that there is good cause for the entry of this Protective Order.

10       The parties agree, subject to the Court's approval, that the following terms

11   and conditions shall apply to this civil action.

12            1.    <u>Designated Material</u>.

13   1.1   Information or material may be designated for confidential treatment

14          pursuant to this Protective Order by any party, person or entity producing or

15          lodging it in this action (the "Designating Party"), if:  (a) produced or

16          served, formally or informally, pursuant to the Federal Rules of Civil

17          Procedure or in response to any other formal or informal discovery request

18          in this action; and/or (b) filed or lodged with the Court.  All such

19          information and material and all information or material derived from it

20          constitutes "Designated Material" under this Protective Order.

21   1.2   Unless and until otherwise ordered by the Court or agreed to in writing by

22          the parties, all Designated Materials designated under this Protective Order

23          shall be used by the parties and persons receiving such Designated Materials

24          solely for conducting the above-captioned litigation and any appellate

25          proceeding relating thereto.  Designated Material shall not be used by any

26          party or person receiving them for any business or any other purpose.  No

27          party or person shall disclose Designated Material to any other party or

28

person not entitled to receive such Designated Material under the specific terms of this Protective Order.  For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, reveal or provide, indirectly or directly, any portion of the Designated Material or its contents, orally or in writing, including the original or any copy of the Designated Material.

2.    <u>Access to Designated Materials</u>.

2.1    <u>Materials Designated "CONFIDENTIAL"</u>:  Subject to the limitations set forth in this Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purpose of preventing the disclosure of information or materials that the designating party in good faith believes is confidential.  Before designating any specific information or material "CONFIDENTIAL," the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Such information may include, but is not limited to:

(a)    The financial performance or results of the Designating Party, including without limitation income statements, balance sheets, cash flow analyses, budget projections, and present value calculations;

(b)    Corporate and strategic planning by the Designating Party, including without limitation marketing plans, competitive intelligence reports, sales projections and competitive strategy documents;

(c)    Names, addresses, and other information that would identify customers or prospective customers, or the distributors or prospective distributors of the Designating Party;

(d)    Technical data, research and development data, and any other confidential commercial information, including but not limited to trade secrets of the Designating Party;

1   (e)   Information used by the Designating Party in or pertaining to its trade
2   or business, which information the Designating Party believes in good faith has
3   competitive value, which is not generally known to others and which the
4   Designating Party would not normally reveal to third parties except in confidence,
5   or has undertaken with others to maintain in confidence;

6   (f)   Information which the Designating Party believes in good faith falls
7   within the right to privacy guaranteed by the laws of the United States or
8   California; and

9   (g)   Information which the Designating Party believes in good faith to
10   constitute, contain, reveal or reflect proprietary, financial, business, technical, or
11   other confidential information.

12   (h)   The fact that an item or category is listed as an example in this or
13   other sections of this Protective Order does not, by itself, render the item or
14   category discoverable.

15   2.1.0   Materials designated "CONFIDENTIAL" may be disclosed
16   only to the following Designees:

17   2.1.1   Persons who appear on the face of Designated Materials
18   marked "CONFIDENTIAL" as an author, addressee, or recipient thereof;

19   2.1.2   Counsel retained as outside litigation attorneys of record in this
20   action, and their respective associates, clerks, legal assistants, stenographic,
21   videographic and support personnel, and other employees of such outside litigation
22   attorneys, and organizations retained by such attorneys to provide litigation support
23   services in this action and the employees of said organizations.  "Counsel"
24   explicitly excludes any in-house counsel whether or not they are attorneys of
25   record in this action.

26   2.1.3   Consultants, including non-party experts and consultants
27   retained or employed by Counsel to assist in the preparation of the case, to the

28

extent they are reasonably necessary to render professional services in this action, and subject to the disclosure requirements of section 2.3.  Each consultant must sign a certification that he or she has read this Stipulated Protective Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Order's provisions.

2.1.4   A party's officers and/or employees, which may include in-house counsel.

2.1.5   The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court;

2.2   Materials Designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":  Subject to the limitations in this Protective Order, Designated Materials may be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the purpose of preventing the disclosure of information or materials which, if disclosed to the receiving party, might cause competitive harm to the Designating Party.  Information and material that may be subject to this protection includes, but is not limited to, technical and/or research and development data, intellectual property, financial, marketing and other sales data, and/or information having strategic commercial value pertaining to the Designating Party's trade or business.  Nothing in paragraph 2.1 shall limit the information or material that can be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this paragraph.  Before designating any specific information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Designating Party's counsel shall make a good faith determination that the information warrants such protection.

2.2.0   Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials may be disclosed only to the following Designees:

1    2.2.1  Persons who appear on the face of Designated Materials

2  marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as an

3  author, addressee, or recipient thereof;

4    2.2.2  Counsel for the parties to this action, as defined in section

5  2.1.2;

6    2.2.3  Consultants for the parties to this action, as defined in section

7  2.1.3; and

8    2.2.4  The Court, its clerks and secretaries, and any court reporter

9  retained to record proceedings before the Court.

10    2.2.5  Court reporters retained to transcribe depositions.

11    2.3    If any party wishes to disclose information or materials

12  designated under this Protective Order as "HIGHLY CONFIDENTIAL,"

13  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any Consultant, it must

14  first identify that individual to the Counsel for the Designating Party and submit a

15  Certification of Consultant pursuant to Section 3.  CONFIDENTIAL –

16  ATTORNEYS' EYES ONLY

17    2.4    <u>Legal Effect of Designation</u>.  The designation of any

18  information or materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

19  ATTORNEYS' EYES ONLY" is intended solely to facilitate the conduct of this

20  litigation.  Neither such designation nor treatment in conformity with such

21  designation shall be construed in any way as an admission or agreement by any

22  party that the Designated Materials constitute or contain any trade secret or

23  confidential information.  Except as provided in this Protective Order, no party to

24  this action shall be obligated to challenge the propriety of any designation, and a

25  failure to do so shall not preclude a subsequent attack on the propriety of such

26  designation.

27  ///

28

2.5     Nothing herein in any way restricts the ability of the receiving party to use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced to it in examining or cross-examining any employee or consultant of the Designating Party.

2.6     The parties agree that the Plaintiff may be provided the alleged infringers' full identities, revenues, and gross profits numbers, notwithstanding any party's designation of documents showing such figures as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

3.     <u>Certificates Concerning Designated Materials</u>.  Each Consultant as defined in section 2.1.3, to whom any Designated Materials will be disclosed shall, prior to disclosure of such material, execute the Acknowledgement of Amended Stipulated Protective Order in the form attached hereto as Exhibit A.  Counsel who makes any disclosure of Designated Materials shall retain each executed Acknowledgement of Amended Stipulated Protective Order and shall circulate copies to all Counsel for the opposing party concurrently with the identification of the Consultant to the attorneys for the Designating Party pursuant to Section 2.3.

4.     <u>Use of Designated Materials by Designating Party</u>.  Nothing in this Protective Order shall limit a Designating Party's use of its own information or materials, or prevent a Designating Party from disclosing its own information or materials to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

5.     <u>Manner of Designating Written Materials</u>.

5.1     Documents, discovery responses and other written materials shall be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" whether in whole or in part, as follows.

5.2     The producing party shall designate materials by placing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page so designated prior to production.  If the first or cover page of a multi-page document bears the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire document shall be deemed so designated, and the absence of marking each page shall not constitute a waiver of the terms of this Order.  If the label affixed to a computer disk containing multiple files bears the legend "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire disk shall be deemed so protected, and the absence of marking of each file shall not constitute a waiver of the terms of this Order.

5.3     A designation of ""CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as to any item, thing or object that cannot otherwise be categorized as a document, shall be made: (1) by placing the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the thing, object or container within which it is stored; or (2) by specifically identifying, in writing, the item and the level of confidentiality designation, where such labeling is not feasible.

5.4     When a party wishes to designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials produced by someone other than the Designating Party (a "Producing Party"), such designation shall be made:

5.4.1  Within fifteen (15) business days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

AMENDED STIPULATED PROTECTIVE ORDER

5.4.2  By notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).  Such notice shall be sent by facsimile and regular mail.

5.4.3.  A party shall be permitted to designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced by a Producing Party only where:

a.  The material being produced was provided to or developed by such Producing Party: (i) under a written confidentiality agreement with the Designating Party; or (ii) within a relationship with the Designating Party (or a party operating under the control thereof) in which confidentiality is imposed by law (including, but not limited, to the employment relationship and the vendor-customer relationship); and

b.  The material being produced would be considered confidential material of the Designating Party under Section 2.1 of this Agreement if it were in the possession of the Designating Party.

5.5    Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

5.5.1  Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

5.5.2  Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Protective Order; and

5.5.3  If "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner

1  authorized by this Protective Order, the party responsible for the disclosure shall,

2  immediately upon learning of such disclosure, inform the Designating Party in

3  writing of all pertinent facts relating to such disclosure, and shall make every effort

4  to prevent further disclosure by the unauthorized person(s).

5        6.    <u>Manner of Designating Deposition Testimony</u>.

6            6.1    Deposition transcripts and portions thereof taken in this action

7  may be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

8  ATTORNEYS' EYES ONLY" during the deposition or after, in which case the

9  portion of the transcript containing Designated Material shall be identified in the

10  transcript by the Court Reporter as "CONFIDENTIAL," or "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The designated testimony

12  shall be bound in a separate volume and marked by the reporter accordingly.

13            6.2    Where testimony is designated during the deposition, the

14  Designating Party shall have the right to exclude, at those portions of the

15  deposition, all persons not authorized by the terms of this Protective Order to

16  receive such Designated Material.

17            6.3    Within thirty (30) days after a deposition transcript is certified

18  by the court reporter, any party may designate pages of the transcript and/or its

19  exhibits as Designated Material.  During such thirty (30) day period, the transcript

20  in its entirety shall be treated as "CONFIDENTIAL" (except for those portions

21  identified earlier as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

22  which shall be treated accordingly from the date of designation).  If any party so

23  designates such material, the parties shall provide written notice of such

24  designation to all parties within the thirty (30) day period.  Designated Material

25  within the deposition transcript or the exhibits thereto may be identified in writing

26  by page and line, or by underlining and marking such portions

27  ///

28

1   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2   ONLY" and providing such marked-up portions to all counsel.

3          7.   <u>Copies</u>.  All complete or partial copies of a document that disclose

4   Designated Materials shall be subject to the terms of this Protective Order.

5          8.   <u>Court Procedures</u>.

6          8.1   <u>Disclosure of Designated Material to Court Officials</u>.  Subject

7   to the provisions of this section, Designated Material may be disclosed to the

8   Court, Court officials or employees involved in this action (including court

9   reporters, persons operating video recording equipment at depositions, and any

10   special master, referee, expert, technical advisor or Third-Party Consultant

11   appointed by the Court), and to the jury in this action, and any interpreters

12   interpreting on behalf of any party or deponent.

13          8.2   <u>Filing Designated Materials with the Court</u>.  Nothing in this Order

14   shall vary the requirements for filing under Seal imposed by the Federal Rules of

15   Civil Procedure or the Local Rules of this Court.  If a party wishes to file with the

16   Court any document, transcript or thing containing information which has been

17   designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

18   ATTORNEYS' EYES ONLY" that Party shall follow the procedures set forth in

19   Local Rule 79-5.2.2 (which sets out different procedures depending upon whether

20   or not the party seeking to file material under seal is the same party which

21   designated the material as confidential) and ensure the materials are marked with

22   the legend:

23

24   **"[CONFIDENTIAL, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY] INFORMATION SUBJECT TO PROTECTIVE ORDER."**

25   Filing the document under seal shall not bar any party from unrestricted use

26   or dissemination of those portions of the document that do not contain material

27   designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

28

1   ATTORNEYS' EYES ONLY."  If a filing party fails to seek to file under seal

2   items which a party in good faith believes to have been designated as, or to

3   constitute "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

4   ATTORNEYS' EYES ONLY" material, such party may move the Court to file

5   said information under seal within four (4) days of service of the original filing.

6   Notice of such designation shall be given to all parties.  Nothing in this provision

7   relieves a party of liability for damages caused by failure properly to seek the filing

8   of Designated Material under seal in accordance with Local Rule 79-5.2.2.

9          8.3   <u>Retrieval of Designated Materials</u>.  The party responsible for

10   lodging or filing the Designated Materials shall be responsible for retrieving such

11   Designated Materials from the Court following the final termination of the action

12   (including after any appeals), to the extent the Court permits such retrieval.

13          9   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

14          9.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a

15   designation of confidentiality at any time consistent with the District Judge's

16   Scheduling Order (the "Challenging Party").  Unless a prompt challenge to a

17   Designating Party's confidentiality designation is necessary to avoid foreseeable,

18   substantial unfairness, unnecessary economic burdens, or a significant disruption

19   or delay of the litigation, a Party does not waive its right to challenge a

20   confidentiality designation by electing not to mount a challenge promptly after the

21   original designation is disclosed.

22          9.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute

23   resolution process in accordance with Local Rule 37-1 by providing written notice

24   of each designation it is challenging and describing the basis for each challenge.

25   To avoid ambiguity as to whether a challenge has been made, the written notice

26   must recite that the challenge to confidentiality is being made in accordance with

27   this specific paragraph of the Protective Order.  The parties shall attempt to resolve

28

1    each challenge in good faith and must begin the process by conferring directly (in

2    voice to voice dialogue; other forms of communication are not sufficient) within

3    14 days of the date of service of notice (i.e., 4 days more than the 10-day period

4    otherwise afforded under Local Rule 37-1).  In conferring, the Challenging Party

5    must explain the basis for its belief that the confidentiality designation was not

6    proper and must give the Designating Party an opportunity to review the

7    designated material, to reconsider the circumstances, and, if no change in

8    designation is offered, to explain the basis for the chosen designation.  A

9    Challenging Party may proceed to the next stage of the challenge process only if it

10   has engaged in this meet and confer process first or establishes that the Designating

11   Party is unwilling to participate in the meet and confer process in a timely manner.

12           9.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without

13   court intervention and the Challenging Party elects to seek court intervention, the

14   Challenging Party shall proceed in accordance with Local Rule 37-2 et seq. (and in

15   compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial

16   notice of challenge or within 14 days of the parties agreeing that the meet and

17   confer process will not resolve their dispute, whichever is earlier.  Failure by the

18   Challenging Party timely and properly to so proceed shall automatically waive the

19   ability to challenge the confidentiality designation for each challenged designation.

20   Notwithstanding the foregoing, the Designating Party may, pursuant to Local Rule

21   37-1 et seq., file a motion for a protective order preserving the confidential

22   designation at any time consistent with the District Judge's Scheduling Order if

23   there is good cause or compelling reasons for doing so.

24           Frivolous challenges and those made for an improper purpose (e.g., to harass

25   or impose unnecessary expenses and burdens on other parties) may expose the

26   Challenging Party to sanctions.  Until such time as a determination has been made

27   on any such motion by the Court, all parties shall continue to afford the material in

28

question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

10.   <u>Client Communication</u>.  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Designated Material, except as otherwise permitted by this Protective Order.

11.   <u>No Prejudice</u>.

11.1   This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consented in writing before the disclosure takes place.

11.2   Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3   If any party required to produce documents contends that it inadvertently produced any Designated Material without marking it with the appropriate legend, or inadvertently produced any Designated Material with an incorrect legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped substitute copies of the Designated Material.  If the parties collectively agree to replacement of the Designated Material, then the documents will be so designated.  Within five (5) business days of receipt of the substitute copies, the receiving party shall return the previously unmarked or mismarked items and all copies thereof.  If the parties do not collectively agree to replacement of the Designated Material, the producing party shall comply with the procedure of Local Rule 37 in seeking protection for the inadvertently produced material.

11.4   Neither the provisions of this Protective Order, nor the filing of any material under seal, shall prevent the use in open court, in deposition, at any hearing, or at trial of this case of any material that is subject to this Protective Order or filed under seal pursuant to its provisions.  At deposition, the party using Designated Material must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such Designated Material.  At trial, the party using Designated Material must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such Designated Material.  All confidentiality designations or legends placed pursuant to this Stipulated Protective Order shall be removed from any document or thing used as a trial exhibit in this case.  The removal of such confidentiality designations or legends under the preceding sentence shall not affect the treatment of such documents and things as Designated Material under this Stipulated Protective Order.  Upon request of a party, the parties shall meet and confer concerning the use and protection of Designated Material in open court at any hearing.  Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

11.5   Any inadvertent production of documents containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrines.  All parties specifically reserve the right to demand the return of any privileged documents that it may produce inadvertently during discovery if the producing party determines that such documents contain privileged information.  After receiving notice of such inadvertent production by the producing party, the receiving party agrees to make reasonable and good faith efforts to locate and return to the producing party all such inadvertently produced documents.

1      12.     Modification and Survival.

2          12.1   Modification.  The parties reserve the right to seek modification

3    of this Protective Order at any time for good cause.  The parties agree to meet and

4    confer prior to seeking to modify this Protective Order for any reason. The

5    restrictions imposed by this Protective Order may only be modified or terminated

6    by written stipulation of all parties or by order of this Court.  Parties entering into

7    this Protective Order will not be deemed to have waived any of their rights to seek

8    later amendment to this Protective Order.

9          12.2   Survival and Return of Designated Material.  This Protective

10   Order shall survive termination of this action prior to trial of this action.  Upon

11   final termination of the action prior to trial of this action, and at the written request

12   of the Designating Party, all Designated Material, including deposition testimony,

13   and all copies thereof, shall be returned to counsel for the Designating Party (at the

14   expense of the Designating Party) or (at the option and expense of the requesting

15   party) shall be destroyed.  Upon request for the return or destruction of Designated

16   Materials, counsel shall certify their compliance with this provision and shall serve

17   such certification to counsel for the Designating Party not more than ninety (90)

18   days after the written request to return or destroy Designated Materials.  Counsel

19   who have submitted one or more Certificate(s) prepared pursuant to Section 3 do

20   not need to retain such Certificate(s) past the ninety (90) day period.  The

21   foregoing return and destruction provisions do not apply to Designated Material in

22   the possession of the court or court personnel.

23      13.    No Contract.  This Protective Order shall not be construed to create a

24   contract between the parties or between the parties and their respective counsel.

25      14.    Court's Retention of Jurisdiction.  The Court retains jurisdiction after

26   final termination of the action prior to trial, to enforce this Stipulation.

27   ///

28

15.     Exception for Public Information.  Nothing in this Stipulation shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated hereunder.  However, in the event of a dispute regarding such independent acquisition, a party wishing to use any independently acquired documents or information shall bear the burden of proving independent acquisition.

**IT IS SO ORDERED.**

Dated:  January 6, 2016                    _____/s/_____

Honorable Jacqueline Chooljian
United States Magistrate Judge

1

**Exhibit A**

2

3

## UNITED STATES DISTRICT COURT

4

## CENTRAL DISTRICT OF CALIFORNIA

5

6

GOLD VALUE INTERNATIONAL TEXTILE, INC.,

Case No.:  CV 15-03854-SVW-JCx

7

*Honorable Stephen V. Wilson presiding*

8

Plaintiff,

*Referred to Honorable Jacqueline Chooljian*

9

vs.

[DISCOVERY MATTER]

10

CHARLOTTE RUSSE, INC.; et al.,

**ACKNOWLEDGEMENT OF AMENDED STIPULATED PROTECTIVE ORDER**

11

12

Defendants.

13

14

15           The undersigned hereby acknowledges that he/she has read the AMENDED

16   STIPULATED PROTECTIVE ORDER entered in the above captioned litigation,

17   and that he/she fully understands and agrees to abide by the obligations and

18   conditions thereof.

19

20   Dated: _____          _____

(Signature)

21

22                                            _____

(Print Name)

23

24

25

26

27

28